GRIFFIN, J.,
dissenting.
M.M. is a mentally ill child. Along with his two siblings, he was removed from his birth mother’s care as a toddler because of her drug use and mental illness. The children were adopted by their foster parents, but they divorced and their adoptive mother got custody until it was discovered that she was abusing him. The children went into an unsuccessful foster placement, where M.M. was Baker-Acted five times before the adoptive father finally regained custody of the children. By all accounts, the father is doing a good job managing the special needs of all three children and has become knowledgeable about the techniques available for handling his children’s mental health issues. M.M. suffers from bipolar disorder, attention deficit disorder, oppositional defiant disorder and reactive attachment disorder. One of the principal devices M.M., his family and his teachers have been taught is to de-escalate and defuse — to separate from a situation that is likely to trigger inappropriate behavior on his part. On the day of this incident, M.M. was assigned, along with five other students, to ride the bus for handicapped students.
This is how the State of Florida describes the conduct that resulted in his finding of guilt of the criminal misdemean- or offense of “Disruption of Educational Institutions or School Boards”:
In this case, Appellant’s actions on the bus clearly disrupted or interfered with the lawful administration or functions of the school. Appellant was assigned a specific seat on his bus because of disciplinary problems, and Dean Christensen rightfully sought Appellant’s compliance to move to his assigned seat. When asked by Dean Christensen to move to his assigned seat, Appellant looked directly at Dean Christensen and refused to do so. Dean Christensen was forced to call the student resource officer for assistance and, only to avoid an encounter with law enforcement did Appellant *475 comply and move to his assigned seat. Next, when Dean Christensen attempted to inform Appellant that his father must accompany him the next day, Appellant ignored Dean Christensen, kept his earphones on, and sang loudly. Dean Christensen moved closer to Appellant and again told him that he was not to report to school unless accompanied by his father. Appellant continued to sing profane lyrics and ignored Dean Christensen. Dean Christensen then called the student resource office and other school administrators for assistance. Appellant knew that Dean Christensen was trying to communicate with him and thus knowingly impeded Dean Christensen’s attempt to inform him not to report to school the next day unless accompanied by his father. He then improperly left the bus, forcing Dean Christensen to follow him. Further, Appellant knew he was not alone on that bus and thus knowingly impeded the departure of the four other children on the bus for 15 to 20 minutes. Finally Appellant impeded the departure of eight buses that were lined up behind Appellant’s bus because, instead of exiting forward, each bus had to back up and go around the stopped bus. All were ongoing school activities.
It may be true that the question of intent is a question of fact for the finder of fact, but it has to be based on some evidence. Here there is no evidence of any intent on the part of this child to disrupt a school function. The only delay was to the departure of the buses; yet there is no suggestion that he knew the buses would be delayed or that the buses should have been delayed. As we observed in A.M.P. v. State, 927 So.2d 97, 100 (Fla. 5th DCA 2006), this statute can be misused to convert any act of misconduct by any child on school property into a crime. This statute seeks to prohibit acts specifically and intentionally designed to stop or impede the progress of a normal school function. M.C. v. State, 695 So.2d 477 (Fla. 3d DCA 1997). The fact that we are reduced to contorting a statute that is not designed to criminalize the garden-variety misbehavior of a child, much less a mentally ill child, in order to assert control says more about us than it does about the child.